UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



CG7285



GARRICK MASON,

    Plaintiffs,

   -against-

THE CITY OF NEW YORK and P.O.s
"JOHN DOE" #1-5 (said names being
fictitious, as the true names are presently
unknown), Individually and in their
Official Capacities.

    Defendants.

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

Plaintiff GARRICK MASON, by his attorneys, MYERS SINGER & GOLD & M.J.

GALIARDO, LLP, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants

THE CITY OF NEW YORK and P.O.s "JOHN DOE" #1-5 (said names being fictitious,

as the true names are presently unknown), as Officers of the New York City Police

Department, all acting under color of state law and pursuant to their authority, in

violation of Plaintiffs' rights, as said rights are secured by said statutes and the

Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff, an African American male, was and is a resident of Suffolk County, New York.

7. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, defendants P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers,

2

employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## STATEMENT OF FACTS

11. On March 27, 2012, at approximately 12:30 a.m., Plaintiff GARRICK MASON, a 40 year-old chef with no criminal record, was riding the "A" subway train on his way home from a job interview.

12. As part of the interview, Plaintiff had been given a "trial" in a restaurant kitchen and had worked from 6:30 p.m. to 12:00 a.m.

13. Plaintiff had drifted to sleep in a seated position when he was approached on the "A" train by the defendant police officers at or about the Aqueduct subway stop located in Queens, New York.

14. One of the police officers tapped Plaintiff on the shoulder, waking him up. The police officer demanded that Plaintiff provide identification, to which Plaintiff complied.

15. The police officer then asked Plaintiff if he had "ever been locked up?" and told Plaintiff that he wanted to take Plaintiff to the precinct to "check him out".

3

16. Plaintiff explained that he had done nothing wrong, was returning from a job interview, had two young children and just wanted to get home.

17. Nevertheless, the police officer removed plaintiff from the subway train and took him to a satellite police precinct within the subway system.

18. Despite Plaintiff's requests, the police officers did not tell him why he was being arrested and simply told Plaintiff to "take off your shoes and don't give us any problems".

19. The police officers held Plaintiff for a period of hours and would not let him call home.

20. Upon information and belief, the defendant officers charged him with "Placing a Foot on a Seat in a Transit Facility" in violation of TAR 1050.7(j)(2).

21. The defendants then filed false and misleading reports to support the arrest charges, including the false allegation that Plaintiff had placed his feet across subway seats, an allegation Plaintiff steadfastly denies.

22. The police officers then released Plaintiff with a summons to come back to court.

23. On or about March 30, 2012, Plaintiff reported the incident to the Civil Complaint Review Board.

24. On or about June 13, 2012, Plaintiff was arraigned on the summons in Queens County Criminal Court under Docket Number 2012QN022274, and consented to an "adjournment contemplating dismissal" ("ACD").

25. Prior to his release from custody at arraignment, Plaintiff spent approximately five (5) hours in jail.

4

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

26. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 25 with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

28. All of the aforementioned acts deprived Plaintiff GARRICK MASON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

32. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

5

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

33. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

34. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## FALSE AREST UNDER 42 U.S.C 1983

35. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 33 with the same force and effect as if fully set forth herein.

36. As a result of Defendants' aforementioned conduct, Plaintiff GARRICK MASON was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

37. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

38. As a result of his false arrest, Plaintiff GARRICK MASON was subjected to humiliation, ridicule and disgrace.

6

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. 1983

39. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 38 with the same force and effect as if fully set forth herein.

40. Defendants issued legal process to place Plaintiff under arrest.

41. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

42. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## FIFTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 42 with the same force and effect as if fully set forth herein.

44. Defendant Police Officers P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), arrested Plaintiff GARRICK MASON despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

45. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

46. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

7

47. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

48. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff GARRICK MASON.

49. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff GARRICK MASON as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

52. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

53. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

54. All of the foregoing acts by Defendants deprived Plaintiff GARRICK MASON of federally protected rights, including, but not limited to, the right:

    a.   Not to be deprived of liberty without due process of law;

    b.   To be free from seizure and arrest not based upon probable cause;

    c.   To be free from unlawful imprisonment;

    d.   To be free from unwarranted and malicious criminal prosecution;

    e.   To be free from intentional assault and infliction of emotional distress;

    f.   Not to have cruel and unusual punishment imposed upon him; and

    g.   To receive equal protection under the law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff GARRICK MASON demands judgment and prays for

the following relief, jointly and severally, against the Defendants:

1.  Special and compensatory damages in the amount of FIVE HUNDRED

THOUSAND ($500,000.00) DOLLARS.

2.  Punitive damages in the amount of FIVE HUNDRED THOUSAND

($500,000.00) DOLLARS.

3.  Reasonable attorney's fees and costs; and

4.  Such other and further relief as this Court seems just and proper.

DATED:       New York, New York
             May 21, 2013

                                    Respectfully submitted,


                                    Christopher D. Galiardo (CG7285)

                                    MYERS SINGER & GALIARDO, LLP
                                    *Attorneys for Plaintiff*
                                    299 Broadway, Suite 200
                                    New York, New York 10007
                                    (212) 986-5900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

GERRICK MASON,

Plaintiff,

-against-

THE CITY OF NEW YORK,
P.O.'s "JOHN DOE" #1-5(said names being
fictitious, as the true names are presently
unknown), Individually and in their Official
Capacities.

Defendants,

_____

_____

COMPLAINT AND DEMAND FOR JURY TRIAL

_____

MYERS, SINGER & GALIARDO, LLP
Christopher D. Galiardo, Esq.
299 Broadway, Suite 200
New York, New York 10007
(212) 986 -5900